IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SYBIL MARIE LITTLE** | | |
| **Plaintiff,** | * | |
| v. | * | CASE NO. |
| General Dynamics Information Technology | * | 1:19-cv-00147-ECM-SRW |
| dba CSRA, | * | |
| Defendant, | * | |

## Amend COMPLAINT AND JURY DEMAND

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Sybil Little who was adversely affected by such practices.

As alleged with greater particularity in the following paragraphs, the Plaintiff, Sybil Little was subjected to sexual harassment in a hostile work environment and further retaliated against by filing a complaint against the Company, Supervisor and Lead Technician.

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S. Code § 451, 1331, 1337, 1343, and 1345. This action is authorized by the instituted pursuant of Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1)

1

and (3), 42 U.S.C. § 2000e-3(e), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Middle District of Alabama Southern Division.

## PARTIES

NOW COMES Plaintiff, Sybil Marie Little, by and through as a Pro Se to file this complaint against Defendant General Dynamics Information Technology doing business as (dba) CSRA, as follows:

3. Plaintiff, Sybil Marie Little (hereinafter "Plaintiff") is a citizen of the United States and resides in Coffee County, in the State of Alabama.

4. Sybil Marie Little is a 47-year-old female.

5. The Plaintiff a Simulator Technician II for General Dynamics Information Technology doing business as CSRA. The Plaintiff, had the extra duty as the Safety Liaison Coordinator and conducted the Safety Duties on and off the clock. The Plaintiff stopped doing safety in 2016 after the sexual harassment from Jason Patrick. The sexual harassment from Jason Patrick created a hostile work environment for the Plaintiff after the Plaintiff's complaint of the conversation Jason Patrick.

6. Defendant, General Dynamics Information Technology, doing business as CSRA (hereinafter "Defendant") is a for profit corporation located in the city of Fairfax in the State of Virginia.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Sybil Marie Little filed a charge with the EEOC alleging violations of Title VII by the Defendant and Employer. All conditions precedent to the institution of this lawsuit have been fulfilled. Exhibit A is the EEOC Right to Sue. Exhibit B is the letter to the EEOC.

8. Jason Patrick, Longbow Crew Trainer (LCT)/Transportable Flight Proficiency Trainer (TFPS) Operation Supervisor for General Dynamics Information Technology doing business as CSRA. Jason Patrick is the supervisor for Sybil Little, Plaintiff. The previous Attorney for CSRA, F Daniel Woods has misinformed the court in a previous case stating Jason Patrick was Sybil Little's co-worker when in fact Jason Patrick is the Plaintiff's supervisor. The previous case stated it was okay Jason Patrick called and sexually propositioned the Plaintiff, however due to it being her co-worker when in fact Patrick was the Plaintiff Supervisor it was okay for him to sexually harass the Plaintiff. Exhibit C shows the misconception the Defendant's Attorney has brought to the court saying Jason Patrick is a co-worker. Exhibit E shows Jason Patrick signed Little's time sheet.

9. Rickey Norris, was a Lead Technician/Simulator Technician III, relieved from being Lead Technician which was an acting supervisor per the Collective Bargaining Agreement on Second Shift which the Plaintiff answered to and received direction from. Rickey Norris was

3

further demoted to Simulator Technician II and removed from second shift and put onto first shift. In a previous case, the attorney admitted for the records Rickey Norris harassed the Plaintiff, Sybil Marie Little, however due to her being his co-worker it was okay. Exhibit C shows the Defendant's Attorney ideas on the harassment which happened by Rickey Norris while Exhibit D shows while Sybil Little, Plaintiff and Rickey Norris were working together on second shift Rickey Norris was considered a Site Manager on Exhibit D, page 31, Section 21.2.

10. John Farmer, a Simulator Technician II, removed from being the Shadow Crew Trainer Technician and transferred to a Longbow Crew Trainer (LCT) Simulator Technician II on second shift. The Plaintiff filed a complaint against Farmer when he was hired as the Shadow Crew Trainer Technician. The Plaintiff tried to move away from the LCT Simulators because of the hostile environment she was placed in.

11. Patrick, Norris, and Farmer were on first shift and the Plaintiff was on second shift. The plaintiff would come into the office and find fingernails, dirt, food, and sticky substances on her desk. The Plaintiff had moved to a different desk because of the same type of situation.

12. The Plaintiff was required to use a computer for timekeeping and computer-based classes. A technician, Jose Bennet removed the company computer the plaintiff used for company work and refused to bring it back to the desk. The technicians found the Plaintiff using this outlet and decided to ensure the Plaintiff was unable to plug anything in to charge. The Plaintiff purchased a tablet and laptop to do the timekeeping and computer-based training and was using an outlet right next to the Plaintiff's Desk for over a year.

4

13. The Plaintiff had a number generator to allow for logging in to the MAXIMO Program to track work the Plaintiff would perform. The number generator was removed from the Plaintiff's bag at work so the Plaintiff was unable to generate work orders and show work performed.

14. The Plaintiff filed a police report with the Military Police the last time her car had a screw in her tire. The Plaintiff also installed a video camera into her car. Rickey Norris was removed from the same shift as the Plaintiff. The problem with the Plaintiff's tires having screws and nails stopped. '

15. Verbal attacks by Thomas Schnormeier and John Farmer over the during the course of second shift.

16. The Plaintiff was asked by her Lead Technician, Raymond Brown, about the way to fix a device during the changeover from second shift to third shift. The Plaintiff answered Raymond Brown and the technicians on third shift proceeded to say how women could not be trusted to work on a device and did not have the ability to fix a device. The Plaintiff stated the information documented in the technical manuals which were supposed to be read and understood by all technicians for the Longbow Crew Trainer (LCT).

17. The Plaintiff received so many verbal attacks by the technicians very little communication was conducted by the plaintiff for fear of further attacks. Exhibit F DVD disk with multiple recordings with a designated folder for recordings.

18. The effect of the practice(s) complained of in this complaint above has been to deprive Sybil Marie Little of equal employment opportunities and otherwise adversely affect her status as employee, because of her sex, female.

19. The unlawful employment practices complained of in this complaint were intentional.

20. The Plaintiff also asked the company to stop using the Safety Program written by Sybil Little as the company never paid for the program that the Plaintiff did not write the program on company time. Jason Patrick was the Plaintiff supervisor since 2012 upon his hiring by David Jones and Richard Doxtater.

21. The unlawful employment practices complained of in this complaint were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

22. The Plaintiff was laid-off on 31 December 2018, without being able to transfer to a different position the Plaintiff was qualified to do.

23. The Plaintiff had multiple times in which dirt, trash, sticky substances, fingernails, boxes, and food was left on her desk. Jason Patrick sent an email out to cease this problem and it did not stop. Exhibit F DVD disk with pictures in a folder designated for the pictures.

24. The Plaintiff has asked the company to stop the use of the safety program written by the Plaintiff during off duty hours as this was intellectual property of the Plaintiff. The

company did not pay for the use of this information and the company has refused to honor the company policy and the Plaintiff's request.

25. Richard Doxtater (Installation Maintenance Coordinator), and Jason Patrick (LCT/TFPS Operations Supervisor) conspired together to ensure Little did not get a promotion or have the ability to successfully leave the company to obtain a different position.

26. The Plaintiff filed complaints with the Occupational Safety and Health for safety violations which the Defendant was fined for Exhibit J. Exhibit F has a file of the conversation in the office which stated the Plaintiff would not have a position with the company.

27. Case File from the United States Equal Employment Opportunity Commission Exhibit H. Currently the U.S. EEOC has refused to allow the Plaintiff to have the answer furnished by General Dynamics Information Technology Exhibit I.

28. Jason Patrick sent an email to the Plaintiff asking for a resignation to eliminate her ability to obtain unemployment benefits due to the Reduction in Force Exhibit K

## CAUSE OF ACTION

## COUNT I

### (Title VII "Hostile Environment")

Paragraphs one through twenty-eight are incorporated by reference as if stated in full herein.

29. This is a claim to redress unlawful employment practices on the basis of sex or gender in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq. ("Title VII") and to recover damages as provided by the Civil Rights Act of 1991, Public Law 102-16, 105 Stat. 1071, et seq. ("1991 CRA").

30. The Plaintiff is female and belongs to a protected group.

31. The Plaintiff was subject to unwelcome and highly offensive sexual harassment.

32. The Plaintiff was subject to an unwelcome abusive working environment as a condition of employment with General Dynamics Information Technology doing business as CSRA.

33. The harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment.

34. General Dynamics Information Technology doing business as CSRA is liable for the misconduct of its employees and management because it had actual and constructive notice of the misconduct and failed to take any steps to prevent recurrence of the unlawful behavior.

35. General Dynamics Information Technology doing business as CSRA is responsible for the abusive working environment under either vicarious or direct liability.

**WHEREFORE, PREMISES CONSIDERED**, The Plaintiff demands judgment against General Dynamics Information Technology doing business as CSRA, for compensatory and punitive damages in an amount which the jury finds reasonable and justifiable under the circumstances, costs, and interest be awarded for prosecuting this action.

## COUNT II

## NEGLIGENT SUPERVISION AND RETENTION

Paragraphs one through thirty-five are hereby incorporated by reference as if set forth herein.

36. The Plaintiff was harassed by the technicians and management in the Longbow Crew Trainer (LCT) workgroup.

37. The technicians and management were unfit to be working for General Dynamics Information Technology doing business as CSRA.

38. General Dynamics Information Technology doing business as CSRA was wanton in supervising and retaining the employees and management involved in the harassment against the Plaintiff.

39. General Dynamics Information Technology doing business as CSRA knew, or in the exercise of reasonable care should have known, that if complaints of harassment were not investigated, supervised, and stopped, they would continue.

**WHEREFORE, PREMISES CONSIDERED**, The Plaintiff demands judgment against General Dynamics Information Technology doing business as CSRA, for compensatory and punitive damages in an amount which the jury finds reasonable and justifiable under the circumstances, plus attorney's fees, costs and interest be awarded for prosecuting this action.

## COUNT III

## WANTING SUPERVISION AND RETENTION

Paragraphs one through thirty-nine are hereby incorporated by reference as if set forth in full herein.

40. The Plaintiff was harassed by the technicians and management of the LCT Collective Bargaining Unit.

41. The technicians and management were unfit to be working for General Dynamics Information Technology doing business as CSRA.

42. General Dynamics Information Technology doing business as CSRA, was wanton in supervising and retaining the technicians and management.

43. General Dynamics Information Technology doing business as CSRA, knew if the harassment was not investigated, supervised, and stopped, it would continue.

**WHEREFORE, PREMISES CONSIDERED**, The Plaintiff demands judgement against CSRA for compensatory and punitive damages in an amount which the jury finds reasonable and justifiable under the circumstances, costs and interest to be awarded for prosecuting this action.

## COUNT IV

## RETALIATION

Paragraphs one through forty-three are hereby incorporated by reference as if set forth in full herein.

--

44. The Defendants committed unlawful employment practices when they retaliated against the Plaintiffs for her efforts to oppose practices reasonably believed to be prohibited by Title VII, in violation of Title VII, 42 U.S.C. § 2000e-3(e).

45. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment opportunities, and loss of wages and benefits, as the direct and proximate result of defendants' violation of civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

**WHEREFORE, PREMISES CONSIDERED**, The Plaintiff demands judgement against CSRA for compensatory and punitive damages in an amount which the jury finds reasonable and justifiable under the circumstances, costs and interest to be awarded for prosecuting this action based on the Plaintiff's loss of career.

*Sybil Marie Little*
Sybil Marie Little