IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYBIL MARIE LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:19-cv-147-ECM |
| | ) | (WO) |
| GENERAL DYNAMICS INFORMATION | ) | |
| TECHNOLOGY and CSRA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 39) which recommends that the Defendants' motion to dismiss (doc. 28) be granted in part and denied in part, and that this case be dismissed without prejudice. On October 22, 2019, the Plaintiff filed a "Motion of Disagreement of Court Motion" (doc. 41) which the court construes as objections to the Recommendation.[1] The Court has carefully reviewed the record in this case, including the Report and Recommendation, and the Plaintiff's objections contained in her "Motion of Disagreement." *See* 28 U.S.C. § 636(b).

The Magistrate Judge recommended that the Plaintiff's amended complaint be "dismissed without prejudice for failure to state a claim upon which relief can be granted." (Doc. 39 at 21). A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

---

[1] To the extent that the Plaintiff's objections are docketed as a motion, the motion is due to be denied.

1

(explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed.R.Civ.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. Of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and

Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In her objections, the Plaintiff first asserts that she requires additional information from the EEOC in order to support her case, and she argues that she should be entitled to discovery prior to dismissal of her complaint. (Doc. 41). This argument is unavailing. The U.S. Supreme Court specified that "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Further, "discovery *follows* the filing of a well-pleaded complaint[;] [i]t is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Co., Ga*, 521 F. App'x 725, 728 (11th 2013) (emphasis in original).

> As we've explained, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.; Horsley v. Feldt,* 304 F.3d 1125, 1131 n. 2 (11th Cir.2002); *see also Epps v. Watson,* 492 F.3d 1240, 1243 (11th Cir.2007) ("Within the context of a Rule 12(b)(6) motion, ... the well-pleaded factual allegations in the plaintiff's complaint are the focus of the determinations.").

*Id*.

The Court has reviewed the Plaintiff's objections, wherein she simply reiterates her complaints against the Defendants. The Plaintiff's objections largely mirror her response to the Defendants' motion to dismiss, offering only her conclusory assertions that she has been discriminated against and retaliated against by the Defendants. She objects to the

Report and Recommendation without any specificity and without stating the bases for her objections. Despite the lack of specificity in the Plaintiff's objections meriting review only for clear error, the Court undertook a *de novo* review of Plaintiff's objections and finds that they are due to be overruled even under that more stringent standard of review.

The Plaintiff does not point to any error committed by the Magistrate Judge, but instead re-offers a recitation of the claims made in her amended complaint. She does not address or otherwise object to the Magistrate Judge's conclusion that she has failed to exhaust her Title VII claims. "Prior to filing a Title VII claim in federal court, a plaintiff must first file a charge with the EEOC." *Mitchell v. Univ. of North Ala.*, --- F. App'x ---, ---, 2016 WL 4127308, *4 (11th Cir. Aug. 30, 2019). Title VII's charge-filing prequisites are mandatory. *Fort Bend Cty, Tx v. Davis,* --- U.S. ---, ---, 139 S.Ct. 1843, 1850-51 (June 3, 2019). Because the Plaintiff has failed to exhaust her administrative remedies regarding her claims related to her termination and the Defendants' failure to rehire her, these claims are due to be dismissed without prejudice.

Finally, the court's exercise of supplemental jurisdiction over the plaintiff's remaining state law claims is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . .. " Because the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims, these claims are also due to be dismissed without prejudice.

For the reasons as stated, the Court finds that the well-reasoned Recommendation of the Magistrate Judge effectively addresses all of the Plaintiff's claims, and is due to be

4

adopted. Accordingly, it is

ORDERED as follows:

1. The Plaintiff's "Motion of Disagreement of Court Motion" (doc. 41) is DENIED.

2. The Plaintiff's objections (doc. 41) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 39) is ADOPTED;

4. The Defendants' motion to dismiss (doc. 28) is DENIED on *res judicata* grounds and GRANTED for failure to exhaust administrative remedies;

5. Because the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims, the Defendants' motion to dismiss those claims is DENIED as moot; and

6. This case is DISMISSED without prejudice.

A final judgment will be entered.

DONE this 7th day of November, 2019.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE